LÓPEZ, PLAINTIFF AND APPELLEE, *v.* AMERICAN RAILROAD COMPANY, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in Proceedings on Memorandum of Costs.

No. 2125.—Decided March 30, 1920.

MEMORANDUM OF COSTS—EXTENSION OF TIME—OBJECTIONS—AMENDMENT.—By virtue of their inherent powers and of the authority conferred upon them by section 140 of the Code of Civil Procedure, the district courts may extend the ten days allowed the party cast for objecting to the memorandum of costs by section 339 of the same code, as amended by Act No. 15 of 1917, and may also allow amendments to the objections.

ID.—STENOGRAPHER'S NOTES.—An order of the court refusing to approve an item of the memorandum of costs for paying the stenographer for the notes taken at the trial is erroneous although no appeal may have been taken. *Finlay* v. *Fabián*, 25 P. R. R. 45, 48.

The facts are stated in the opinion.

*Messrs. F. G. Pérez Almiroty* and *E. Acuña* for the appellant.

*Mr. José L. Pesquera* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

Judgment was rendered dismissing a complaint with costs. The defendant, on the 17th of April, 1919, and in due time, presented a memorandum of costs and counsel fees. On the 24th day of April, 1919, and hence within the time of ten days allowed him to present his objections, the complainant asked for an extension of ten days within which

to present his objections, and this extension was granted by the court.

The appellant maintains that the court committed error in extending the time and in giving any effect to the objections so presented after the time fixed by law.

Section 339, as amended in 1917, is not as severe as appellant maintains. It says in effect that the defeated party may present his objections within ten days from the filing of the memorandum. It does not use the word "must." In the absence of any clear indication that it was the intention of the Legislature not to permit an extension, the provisions of section 140 of the Code of Civil Procedure and the inherent powers of a court are so ample that we find no error or abuse of discretion in allowing the extension of time.

And, of course, similar considerations apply to the action of the court in allowing the losing party to make his objections more specific after filing.

The appellant, however, is right in maintaining that the sixty dollars for stenographer's fees should have been awarded. They were for notes taken at the trial and although no appeal was taken the defendant had a right to said notes under the Act of March 10, 1904, Session Laws, pp. 120–121. *Finlay* v. *Fabián*, 25 P. R. R. 45; *Finlay* v. *Fabián*, 25 P. R. R. 48. In the latter case it is made entirely clear that the successful party does not have to show his purpose in obtaining stenographer's notes for an actual proceeding, nor to show that such notes were necessary for any particular purpose.

The judgment must be reversed with respect to the refusal to award sixty dollars for stenographer's fees and otherwise affirmed.

*Affirmed in part.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.